NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

## 2008-5153

### NASSIF J. CANNON and GAIL F. BARBER,

Plaintiffs-Appellants,

v.

### UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims
in 02-CV-61, Judge Lawrence J. Block.

ON MOTION

Before NEWMAN, RADER, and SCHALL, Circuit Judges.

NEWMAN, Circuit Judge.

## O R D E R

The United States moves to dismiss Nassif J. Cannon's and Gail F. Barber's appeal for lack of jurisdiction. The appellants do not oppose.

The appellants filed a complaint in the United States Court of Federal Claims seeking a refund of federal income taxes paid in connection with investments in a group of tax-shelter partnerships. This complaint was one of several related complaints filed in the Court of Federal Claims seeking the same relief. The trial court stayed this case pending its decision in Prati v. United States, 81 Fed. Cl. 422 (2008), believing that the decision in Prati would control the outcome of the other cases. In Prati, the Court of Federal Claims dismissed the case, determining that it lacked jurisdiction over the alleged claims. Accordingly, the Court of Federal Claims also dismissed the other pending cases. On reconsideration, the Court of Federal Claims vacated its judgment

in the present case, finding case-specific claims that were not resolved by Prati. The appellants appealed to this court.

The court's jurisdiction over appeals from decisions of the Court of Federal Claims is governed by 28 U.S.C. § 1295(a)(3). Section 1295(a)(3) provides that the court has jurisdiction over "an appeal from a final decision of the United States Court of Federal Claims" (emphasis added). "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945); see also Ultra-Precision Mfg. Ltd. v. Ford Motor Co., 338 F.3d 1353,1356-57 (Fed. Cir. 2003) ("[a] district court's judgment is final where it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" (citation omitted)). Because the Court of Federal Claims vacated its judgment and has not concluded its proceedings, there is no final judgment. The appellants may, of course, file a notice of appeal after the trial court concludes its proceedings and enters final judgment, if appropriate.

Accordingly,

IT IS ORDERED THAT:

(1)   The United States' motion to dismiss is granted.

(2)   Each side shall bear its own costs.

FOR THE COURT

JUN - 3 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUN 03 2009

JAN HORBALY
CLERK

2008-5153                                                    2

cc: Sally W. Gladney, Esq.
Deborah K. Snyder, Esq.
s20

ISSUED AS A MANDATE: JUN -3 2009